Justin Jingwei Sun, SBN: 360752
JW SUN LAW FIRM
150 S Los Robles Ave. Suite 710
Pasadena, CA 91101
Tel: (626) 254 - 3308
Email: Contact@JWSunlawfirm.com
Attorney for Plaintiff CAIYUN QIAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CAIYUN QIAN, an individual;

Plaintiff,

vs.

GRANDWAY REIT INVESTORS, LLC, a Delaware limited liability company; GRANDWAY CAPITAL PARTNERS, LLC, a Delaware limited liability company; GRANDWAY INVESTMENT MANAGEMENT, LLC, a Delaware limited liability company; GRANDWAY ASSET MANAGEMENT, INC., a Delaware corporation; LAWRENCE CHICHUNG WANG, an individual; and DOES 1 through 20, inclusive,

Defendants

Case No.: _______________

**VERIFIED COMPLAINT FOR:**

(1) Violations of Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 (15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5);
(2) Violations of Section 12(a)(2) of the Securities Act of 1933 (15 U.S.C. § 77l(a)(2));
(3) Violations of Section 206 of the Investment Advisers Act of 1940 (15 U.S.C. § 80b-6);
(4) Violations of California Corporations Code §§ 25401 and 25501;
(5) Breach of Contract;
(6) Breach of Fiduciary Duty;
(7) Common-Law Fraud / Intentional Misrepresentation;
(8) Negligent Misrepresentation;
(9) Conversion;
(10) Statutory and Contractual Right to Inspect Books and Records (6 Del. C. § 18-305); and
(11) Accounting.

**DEMAND FOR JURY TRIAL**

Plaintiff CAIYUN QIAN ("Plaintiff" or "Ms. Qian"), by and through her undersigned counsel, hereby alleges as follows against Defendants GRANDWAY REIT INVESTORS, LLC,

GRANDWAY CAPITAL PARTNERS, LLC, GRANDWAY INVESTMENT MANAGEMENT, LLC, GRANDWAY ASSET MANAGEMENT, INC., LAWRENCE CHICHUNG WANG, and DOES 1 through 20 (collectively, "Defendants"):

## I. INTRODUCTION

1. This action arises from a fraudulent private securities offering that induced Plaintiff Caiyun Qian, a Mandarin-speaking individual investor and California resident, to invest $250,000 in Class B Units of Defendant Grandway REIT Investors, LLC. Defendants marketed the offering to Plaintiff using a Chinese-language brochure and oral representations promising (i) an 8–12% annual return net of all U.S. taxes and fees, (ii) quarterly distributions of 2% (8% per annum), and (iii) the right to exit after a one-year lock-up and receive 95% of the original investment back. None of those representations has been honored. Plaintiff has received no distributions of any kind. The risks disclosed in the offering documents materially differed from the oral and Chinese-language representations used to solicit Plaintiff's investment.

2. Just four months after Plaintiff funded her subscription, Defendants unilaterally suspended all distributions and all redemption requests by means of a December 6, 2024 investor notice issued by Defendant LAWRENCE Chichung Wang as President of Grandway REIT Investors, LLC. Plaintiff has since demanded redemption of her entire $250,000 investment, the production of executed offering documents, and an inspection of the Company's books and records. Defendants have refused to make full payment, refused to produce records, and failed to deliver Plaintiff's 2025 Schedule K-1.

3. By this Verified Complaint, Plaintiff seeks rescission, restitution, compensatory damages of not less than $250,000, prejudgment interest at the maximum lawful rate, punitive damages, an equitable accounting, and attorneys' fees and costs.

## II. THE PARTIES

4. Plaintiff CAIYUN QIAN is, and at all times relevant to this Complaint was, an individual residing in Arcadia, Los Angeles County, California. Plaintiff is a Mandarin-speaking individual investor.

5. Defendant GRANDWAY REIT INVESTORS, LLC (the "Company") is a Delaware limited liability company registered to do business in California under Entity No. 202203910302, with its principal place of business at 55 S. Lake Avenue, Suite 600, Pasadena, California 91101 (with other addresses of record at 251 S Lake Ave Suite 800 and 530 S. Lake Ave Suite 503, Pasadena, California). The Company is the issuer of the securities Plaintiff purchased.

6. Defendant GRANDWAY CAPITAL PARTNERS, LLC is, and at all relevant times was, a Delaware limited liability company doing business in Los Angeles County, California, and is designated under the Company's Amended and Restated Operating Agreement dated April 1, 2022 as the "Advisor" and manager of the Company.

7. Defendant GRANDWAY INVESTMENT MANAGEMENT, LLC is, and at all relevant times was, a Delaware limited liability company (California Entity No. 201602610412) registered with the U.S. Securities and Exchange Commission as an investment adviser (CRD No. 135040). The Grandway-issued marketing brochure produced to Plaintiff

describes it as the "Management Company" of the offering, characterized as a "U.S.-registered asset management company; Registered Investment Advisor."

8. Defendant GRANDWAY ASSET MANAGEMENT, INC. is, and at all relevant times was, a Delaware corporation (California Entity No. 2009909) located at 55 S. Lake Avenue, Suite 600, Pasadena, California 91101. Plaintiff's selling agent, Mr. Moekti (Paul) Alikin, identified himself on his business card as a "Client Account Manager" of Grandway Asset Management, Inc.

9. Defendant LAWRENCE CHICHUNG WANG (also identified in transactional documents as "Lawrence C. Wang") is, and at all relevant times was, an individual residing in or doing business in Los Angeles County, California, and is registered with FINRA under CRD No. 3246418 with a business address at 251 S Lake Ave, Pasadena, California 91101. Mr. Wang is the President of Defendant Grandway REIT Investors, LLC, and personally executed (i) the acceptance of Plaintiff's subscription, (ii) the handwritten receipt for Plaintiff's $250,000 payment, and (iii) the December 6, 2024 notice suspending distributions and redemptions.

10. Defendants DOES 1 through 20, inclusive, are sued by their fictitious names because their true names and capacities are unknown to Plaintiff at this time. Plaintiff is informed and believes, and on that basis alleges, that each fictitiously named Defendant is responsible in some manner for the conduct alleged herein. Plaintiff will amend this Complaint to allege the true names and capacities of such Doe Defendants when ascertained.

11. At all relevant times, each Defendant was the agent, alter ego, employee, partner, joint venturer, co-conspirator, and/or successor-in-interest of each of the other Defendants, and in doing the acts alleged herein, each Defendant acted within the course and scope of such agency, employment, partnership, joint venture, conspiracy, and/or successor relationship, and with the knowledge, consent, and ratification of each of the other Defendants. Plaintiff is informed and believes, and thereon alleges, that Defendants commingled operations, management, personnel, offices, marketing functions, and investor funds, and failed to maintain adequate separateness among the various Grandway entities, such that adherence to the fiction of separate corporate existence would promote injustice.

## III. JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over this action under (a) Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, because Plaintiff asserts claims arising under Section 10(b) of the Exchange Act and SEC Rule 10b-5; (b) Section 22 of the Securities Act of 1933, 15 U.S.C. § 77v, because Plaintiff asserts claims arising under Section 12(a)(2) of the Securities Act; (c) Section 214 of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-14; (d) federal question jurisdiction under 28 U.S.C. § 1331; and (e) supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367 because they form part of the same case or controversy.

13. This Court has personal jurisdiction over each Defendant because each Defendant resides in, conducts substantial business in, or has purposefully directed activities at the State of California, and the conduct giving rise to this action occurred in this District. The

individual Defendants reside, work, or transact business in California; the Grandway corporate Defendants maintain their principal places of business in Pasadena, Los Angeles County, California.

14. Venue is proper in this District under 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act because a substantial part of the events giving rise to the claims occurred in this District and because the Subscription Agreement at issue contains a forum selection clause designating "the federal or state courts located in Los Angeles, California" as the exclusive forum for any suit, action, or proceeding relating to offers, purchases, or sales of the Units.

15. The instrumentalities of interstate commerce, including the mails, electronic communications, electronic signature platforms (DocuSign), federal wire transfers, and Citibank Official Checks, were used in connection with the acts alleged herein.

## IV. FACTUAL ALLEGATIONS

### A. Solicitation of Plaintiff in Chinese with Promises of an 8–12% Return and a One-Year Exit at 95% of Principal

16. In or about July 2024, Plaintiff was solicited to invest in what was marketed to her in the Chinese language as the "Grandway U.S. Real Estate High-Yield Fund – U.S. REIT-A" (the "Offering"), a share class of the Grandway Special Opportunities Fund, operating through and issued by Defendant Grandway REIT Investors, LLC.

17. Plaintiff's primary selling agent was Mr. Moekti (Paul) Alikin, a "Client Account Manager" of Grandway Asset Management, Inc. The principal point-of-sale presentation was made by Defendant LAWRENCE Chichung Wang in person.

18. The only fund-level marketing piece provided to Plaintiff in her native language was a Chinese-language brochure titled "投资简介 / 投资细节" ("Investment Overview / Investment Details"). A certified English translation of that brochure has been obtained from Sure Translation (Order ID 68f6b9f183e56fd416097d60).

19. The brochure represented in writing that the U.S. REIT-A class would pay a "target distribution" of 2% per quarter (8% per annum), net of all U.S. taxes and fees, and a target total return (including distributions) of 10–12% per annum, also net of all U.S. taxes and fees. The brochure described the redemption as occurring on the last day of each quarter on 90 days' notice, following a one-year lock-up.

20. At the meeting at which the subscription was offered, Defendant LAWRENCE Chichung Wang orally confirmed, and repeatedly reaffirmed, that (a) the Company "warranted" an 8% annual return on invested funds, and that an investor could receive up to 12% if the Company's profits were strong; and (b) investors could exit after one year and the Company would return 95% of the original investment to the investor. The written and oral representations were part of a unified course of solicitation directed to Plaintiff in the Chinese language and were intended to induce Plaintiff's reliance.

21. These representations were witnessed by Mr. Moekti (Paul) Alikin, who has executed a declaration under penalty of perjury dated September 12, 2025, in Pasadena, California, attesting to those representations. The brochure produced by Plaintiff bears contemporaneous handwritten annotations consistent with that testimony, including the notations "95%" and "90 天" ("90 days").

22. Mr. Alikin further declares that he himself invested in the same fund and that, consistent with the representations Defendants made to Plaintiff, he actually received an 8% return for the year 2023 and a 4% return for the first and second quarters of 2024.

**B. Plaintiff's Subscription and Funding of $250,000**

23. Relying on the foregoing representations, on July 25, 2024 Plaintiff executed a Subscription Agreement and accompanying Subscription Booklet (Appendices A through H) for $250,000 of Class B Units of Grandway REIT Investors, LLC, with a requested subscription date of August 1, 2024. The Subscription Agreement was executed electronically via DocuSign (Envelope ID 980D0896-FFF2-435E-B154-793D24DEE87F) and counter-signed by Defendant Lawrence C. Wang as President of the Company.

24. On July 29, 2024, a Citibank Official Check No. 316276653 in the amount of $250,000 was issued from a joint Citibank account of Plaintiff and her spouse, Mr. Lizheng He. On a Grandway letterhead, Defendant LAWRENCE C. Wang hand-wrote and signed the following acknowledgement: "On behalf of Grandway REIT Investors, LLC, I confirm receipt of the above check from Lizheng He for August 1, 2024 subscription." An additional Citibank Official Check No. 316276664, also in the amount of $250,000, dated August 6, 2024 and payable to Grandway REIT Investors, LLC, was issued in connection with the same subscription.

25. Plaintiff designated her joint account at CTBC Bank Corp. (USA) (Account No. 3800591289) on Appendix C of the Subscription Booklet as the deposit account for the receipt of ACH distributions.

26. At all times material hereto, Plaintiff was the registered subscriber of record for the Class B Units; her spouse, Mr. Lizheng He, served only as joint bank account holder and Trusted Contact (Appendix H).

**C. Defendants' Failure to Pay Any Distribution and the Unilateral Suspension of Redemptions**

27. Following the funding of her subscription, Plaintiff has received no interest, dividend, distribution, or other payment of any kind from any Defendant.

28. On or about December 6, 2024 – approximately four months after Plaintiff funded her subscription – Defendant Grandway REIT Investors, LLC issued a Chinese-language "公司股东通知信函" ("Company Shareholder Notice") issued by Defendant Lawrence C. Wang as President. The notice declared that, pursuant to a unanimous board resolution dated November 26, 2024, the Company would suspend (i) all quarterly distributions, including the Q3 2024 distribution then scheduled to be paid in Q4 2024, and (ii) all redemption requests. The notice cited a six-month liquidity shortage, persistent high U.S. interest rates, depressed commercial real estate transaction volumes, and an unwillingness to sell assets at "unreasonable" prices. The admissions contained in the December 6, 2024 notice materially confirmed the existence of the prior oral and written representations made to Plaintiff concerning quarterly distributions, redemption rights, liquidity, and the expected stability of the investment.

29. When Plaintiff thereafter attempted to exercise her redemption right after the August 1, 2025 expiration of the one-year lock-up, Defendants instructed her to sign a new redemption form imposing terms not disclosed in the offering materials, including a 90-day advance-notice requirement and quarterly and annual caps of 10% and 25% of

outstanding units, respectively. Those terms, in combination with the December 6, 2024 suspension, made the contractually and orally promised return of Plaintiff's principal impossible.

30. On August 27, 2025, Plaintiff executed a formal Redemption Request (Authentisign ID 5125F181-7C83-F011-B484-00224822F75A) demanding the full redemption of her $250,000 investment plus accrued earnings within ten (10) business days. Defendants have not honored that demand.

31. Notwithstanding three formal demand letters from Plaintiff's counsel – dated August 1, 2025 and August 16, 2025 (concerning redemption), and a separate letter dated May 1, 2026 (concerning the inspection of books and records) – Defendants have failed and refused to redeem Plaintiff's investment, to produce the financial statements requested, or to deliver Plaintiff's 2025 Schedule K-1, as more particularly described in Sections IV.D and IV.E, below.

**D. Defendants' Refusal to Permit Inspection of Books and Records**

32. Following her formal Redemption Request of August 27, 2025 and Defendants' continued refusal to honor the same, Plaintiff's counsel sent Defendants formal demand letters on August 1, 2025 and August 16, 2025, demanding the full redemption of Plaintiff's $250,000 investment plus accrued distributions. Defendants made no substantive response to either demand and tendered no portion of Plaintiff's investment.

33. On May 1, 2026, Plaintiff, through counsel, served upon Defendants LAWRENCE Chichung Wang and each of the Grandway entities a written demand transmitted by both U.S. mail and electronic mail, demanding the right to inspect and obtain copies of the

Company's books and records pursuant to Section 18-305 of the Delaware Limited Liability Company Act, 6 Del. C. § 18-305, the Company's Amended and Restated Operating Agreement, and applicable law. The demand afforded Defendants ten (10) business days to comply.

34. Plaintiff's books-and-records demand requested, without limitation: (a) the Company's complete financial statements (balance sheets, income statements, and cash flow statements) for fiscal years 2024 and 2025; (b) the Company's financial statements for the first quarter of fiscal year 2026; (c) all Schedule K-1 tax forms issued or to be issued to Plaintiff, including the 2025 Schedule K-1, which had not been delivered to Plaintiff at the time of demand and has not been delivered since; (d) all books and records relating to Plaintiff's investment, including capital-account statements, records of fund performance, distribution history (if any), subscription documents, and all investor communications; and (e) any and all additional documents to which Plaintiff is entitled under applicable law, operating agreements, and fiduciary duties.

35. Plaintiff's demand was made in good faith and for purposes reasonably related to her interest as a member of the Company, including: (a) determining the current value of her investment; (b) assessing whether Defendants have breached their contractual and fiduciary duties; (c) investigating possible mismanagement, self-dealing, or other wrongdoing by the management of the Company; and (d) obtaining the tax information necessary for Plaintiff to satisfy her federal and state income-tax obligations.

36. As of the date of this Complaint, Defendants have wholly failed and refused to comply with Plaintiff's demand. Defendants have produced no documents, have made no

substantive response of any kind to the demand letter or to the accompanying electronic mail, and have raised no good-faith objection to the demand's scope or purpose. Defendants' refusal is willful and unjustified.

**E. Defendants' Failure to Deliver Plaintiff's 2025 Schedule K-1**

37. As a holder of Class B Units of Grandway REIT Investors, LLC — an entity treated as a partnership for U.S. federal income tax purposes — Plaintiff is entitled to receive an annual Schedule K-1 reflecting her allocable share of the Company's income, deductions, credits, and other tax items for each taxable year in which she holds Units.

38. Defendants have failed to deliver to Plaintiff a Schedule K-1 for the taxable year 2025 (the "2025 Schedule K-1"). As of the date of this Complaint, no 2025 Schedule K-1 has been provided to Plaintiff, notwithstanding that the deadline for furnishing Schedule K-1s to members of entities treated as partnerships for U.S. federal income tax purposes has passed.

39. The failure to deliver the 2025 Schedule K-1, combined with Defendants' refusal to produce any financial statements or other books and records, has prevented Plaintiff from accurately completing her federal and state income tax returns for the 2025 taxable year, and has caused Plaintiff to incur additional costs and fees associated with filing tax extensions.

40. Defendants' failure to deliver the 2025 Schedule K-1 and their refusal to produce books and records reflect a deliberate pattern of concealment and willful noncompliance with Plaintiff's statutory and contractual rights as an investor and member of the Company, and are consistent with the broader scheme of fraud alleged herein.

**FIRST CAUSE OF ACTION**
**Violation of Section 10(b) of the Securities Exchange Act of 1934**
**and SEC Rule 10b-5**
**(15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5)**
**(Against All Defendants)**

41. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

42. In connection with the offer, purchase, or sale of securities, Defendants, directly or indirectly, by the use of means or instrumentalities of interstate commerce or of the mails: (a) employed devices, schemes, or artifices to defraud; (b) made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaged in acts, practices, and courses of business that operated as a fraud or deceit upon Plaintiff.

43. The Class B Units of Grandway REIT Investors, LLC are "securities" within the meaning of Section 3(a)(10) of the Exchange Act, 15 U.S.C. § 78c(a)(10), and are also "investment contracts" under SEC v. W.J. Howey Co., 328 U.S. 293 (1946), because they involve an investment of money in a common enterprise with an expectation of profits to be derived solely from the efforts of others.

44. Defendants' material misstatements and omissions are described above in Section IV and include, without limitation: (a) the false representation of an 8–12% guaranteed or warranted annual return; (b) the false representation of a 95%-of-principal exit after one year; (c) the failure to disclose the actual liquidity position of the Company, the deteriorating commercial real estate market, and the unilateral redemption caps later

imposed; and (d) the failure to disclose that the redemption terms represented in the marketing brochure could not be honored. Defendants knew, or were deliberately reckless in not knowing, that the liquidity constraints, redemption limitations, and inability to sustain the represented returns existed at the time the representations were made.

45. Defendants acted with the requisite scienter – either with intent to deceive, manipulate, or defraud, or with recklessness so severe as to be the functional equivalent of intentional misconduct.

46. Plaintiff reasonably relied on Defendants' misrepresentations and omissions in deciding to subscribe for and purchase the Class B Units, and would not have done so had the truth been disclosed. The fraudulent conduct caused Plaintiff to lose her entire $250,000 investment.

47. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount not less than $250,000, plus prejudgment interest, lost distributions, and other consequential damages, the precise amount of which will be proven at trial.

**SECOND CAUSE OF ACTION**
**Violation of Section 12(a)(2) of the Securities Act of 1933**
**(15 U.S.C. § 77l(a)(2))**
**(Against All Defendants)**

48. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

49. Defendants offered and sold securities to Plaintiff by means of offering materials, including written solicitation materials and oral communications– including, without

limitation, the Chinese-language marketing brochure ("Investment Overview / Investment Details") and the oral representations made by Defendant LAWRENCE Chichung Wang – that included untrue statements of material fact and omitted to state material facts necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading.

50. Defendants were each "statutory sellers" within the meaning of Pinter v. Dahl, 486 U.S. 622 (1988), having either passed title to the Units to Plaintiff or solicited Plaintiff's purchase of the Units for their own financial benefit.

51. Defendants did not sustain the burden of proving that they did not know, and in the exercise of reasonable care could not have known, of the untruth or omission.

52. Plaintiff did not know of the untruths or omissions at the time she purchased the Units.

53. Plaintiff brings this claim within one year of the discovery of the untrue statement or omission, and within three years of the sale, and the claim is therefore timely.

54. Plaintiff hereby tenders the Units to Defendants and seeks rescission of her purchase and the return of the full $250,000 purchase price, together with interest at the legal rate from the date of purchase, less the amount of any income received thereon (which is zero).

## THIRD CAUSE OF ACTION
## Violation of Section 206 of the Investment Advisers Act of 1940
## (15 U.S.C. § 80b-6)
## (Against Grandway Investment Management, LLC, Grandway Capital Partners, LLC, and the Individual Defendants)

55. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

56. Defendant Grandway Investment Management, LLC is registered with the U.S. Securities and Exchange Commission as an investment adviser (CRD No. 135040). Defendant Grandway Capital Partners, LLC acts as the “Advisor” under the Company’s Operating Agreement. The individual Defendants exercised control over those advisers in their capacities as principals, officers, or registered representatives.

57. By the conduct alleged above, Defendants, in their capacity as investment advisers or as control persons or aiders-and-abettors of investment advisers: (a) employed devices, schemes, or artifices to defraud clients or prospective clients; (b) engaged in transactions, practices, or courses of business that operated as a fraud or deceit upon clients or prospective clients; or (c) engaged in acts, practices, or courses of business which are fraudulent, deceptive, or manipulative, in violation of Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act and the rules thereunder.

58. As a direct and proximate result of the foregoing, Plaintiff seeks equitable rescission, restitution, and other equitable relief available under the Investment Advisers Act., including the loss of her $250,000 investment, the loss of distributions that should have been paid, and the loss of the time value of her money. Plaintiff is also entitled to rescission of the subscription as an equitable remedy.

## FOURTH CAUSE OF ACTION
## Violation of California Corporations Code §§ 25401 and 25501
## (Against All Defendants)

59. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

60. Defendants offered and sold securities in this State by means of written and oral communications that included untrue statements of material fact and omitted to state material facts necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, in violation of California Corporations Code § 25401.

61. Pursuant to California Corporations Code § 25501, Plaintiff is entitled to rescission and to recover the consideration paid for the Units ("$250,000"), with interest at the legal rate from the date of payment, upon tender of the Units, or in the alternative, to recover damages.

62. Plaintiff hereby tenders her Units to Defendants and demands the full consideration paid, plus interest at the legal rate, less any income received thereon (which is zero).

## FIFTH CAUSE OF ACTION

**Breach of Contract**

**(Against Grandway REIT Investors, LLC; Grandway Capital Partners, LLC; and Grandway Investment Management, LLC)**

63. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

64. Plaintiff and Defendant Grandway REIT Investors, LLC entered into a binding written agreement consisting of the Subscription Agreement, the Subscription Booklet (Appendices A–H), the Amended and Restated Operating Agreement, the Confidential Private Placement Memorandum, and the Chinese-language marketing brochure constituting offering materials (collectively, the "Subscription Documents").

65. The Subscription Documents, together with the contemporaneous oral promises that supplemented and confirmed them, gave Plaintiff the contractual right to (a) receive quarterly distributions of 2% (8% per annum) net of taxes and fees; (b) demand redemption of her investment after the one-year lock-up; and (c) receive at least 95% of her principal investment upon such redemption.

66. Plaintiff performed all material conditions, covenants, and obligations required of her under the Subscription Documents, including the payment of the full $250,000 subscription price.

67. Defendants materially breached the Subscription Documents by (a) failing to pay any distribution to Plaintiff; (b) unilaterally suspending distributions and redemptions on December 6, 2024 without any contractual basis to do so as against Plaintiff; (c) refusing to honor Plaintiff's formal Redemption Request of August 27, 2025; and (d) refusing to produce financial statements, the 2025 Schedule K-1, and books and records to which Plaintiff is entitled.

68. As a direct and proximate result of these breaches, Plaintiff has been damaged in an amount not less than $250,000, plus accrued distributions, prejudgment interest, and consequential damages, the precise amount of which will be proven at trial.

**SIXTH CAUSE OF ACTION**

**Breach of Fiduciary Duty**

**(Against Grandway Capital Partners, LLC; Grandway Investment Management, LLC; Grandway REIT Investors, LLC; and the Individual Defendants)**

69. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

70. Defendants owed Plaintiff fiduciary duties of loyalty, care, full disclosure, and good faith arising out of (a) the manager-member relationship under the Operating Agreement; (b) the investment adviser-client relationship; and (c) the position of trust and confidence into which Defendants placed themselves through the representations made to Plaintiff in connection with the Offering.

71. Defendants breached their fiduciary duties by, inter alia, (a) making material misrepresentations and omissions in soliciting Plaintiff's investment; (b) preferring the interests of other investors and themselves over Plaintiff's interests, including, without limitation, by distributing returns to insiders such as Mr. Alikin in 2023 and the first half of 2024 while failing to make any distribution to Plaintiff; (c) unilaterally suspending distributions and redemptions; and (d) refusing to account to Plaintiff for the management and disposition of fund assets.

72. As a direct and proximate result of these breaches, Plaintiff has been damaged in an amount to be proven at trial, but in no event less than $250,000. Defendants' conduct was malicious, oppressive, or fraudulent within the meaning of California Civil Code § 3294, entitling Plaintiff to an award of exemplary or punitive damages in an amount sufficient to punish Defendants and deter similar future conduct.

**SEVENTH CAUSE OF ACTION**
**Common-Law Fraud / Intentional Misrepresentation**
**(Against All Defendants)**

73. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

74. Defendants represented to Plaintiff that the Company would (a) pay an annual return of 8% (and up to 12% if profits permitted); (b) make quarterly distributions equal to 2% of invested capital; and (c) honor a one-year exit at 95% of original principal upon 90 days' notice. Defendants also impliedly represented that they had a reasonable basis to make those statements.

75. These representations were false when made or were made without any reasonable basis to believe them to be true. Defendants either knew the representations were false or made them with reckless disregard for the truth.

76. Defendants made the representations with the intent to induce Plaintiff's reliance and her subscription for the Class B Units.

77. Plaintiff justifiably relied on the representations in subscribing for and funding her purchase of the Class B Units for $250,000.

78. As a direct and proximate result of Defendants' fraud, Plaintiff has been damaged in an amount not less than $250,000, plus lost distributions, interest, and other consequential damages. Plaintiff is also entitled to punitive damages under California Civil Code § 3294.

## EIGHTH CAUSE OF ACTION
## Negligent Misrepresentation
## (Against All Defendants)

79. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

80. At a minimum, Defendants made the representations described above without any reasonable ground for believing them to be true.

81. Defendants intended for Plaintiff to rely on those representations, and Plaintiff did so reasonably and justifiably.

82. As a direct and proximate result of these negligent misrepresentations, Plaintiff has been damaged in an amount not less than $250,000, plus consequential damages.

## NINTH CAUSE OF ACTION
## Conversion
## (Against Grandway REIT Investors, LLC; Grandway Capital Partners, LLC; and the Individual Defendants)

83. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

84. Plaintiff has the present right to immediate possession of her $250,000 by reason of (a) the contractual right to redemption that matured upon expiration of the one-year lock-up; (b) the formal Redemption Request executed on August 27, 2025; and (c) the underlying fraudulent inducement of the subscription, which gives rise to a constructive trust over the funds in Defendants' possession. The funds were specifically identifiable subscription proceeds traceable to Plaintiff's investment.

85. Defendants have wrongfully exercised dominion and control over Plaintiff's funds and have refused, despite formal written demand, to return them.

86. As a direct and proximate result of this conversion, Plaintiff has been damaged in an amount not less than $250,000, plus interest at the maximum lawful rate. Plaintiff is also entitled to punitive damages under California Civil Code § 3294.

**TENTH CAUSE OF ACTION**
**Statutory and Contractual Right to Inspect Books and Records**
**(6 Del. C. § 18-305 and the Operating Agreement)**
**(Against Grandway REIT Investors, LLC; Grandway Capital Partners, LLC; and the Individual Defendants)**

87. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

88. Plaintiff is a member of Defendant Grandway REIT Investors, LLC, a Delaware limited liability company. As such, Plaintiff has a statutory right under Section 18-305 of the Delaware Limited Liability Company Act, 6 Del. C. § 18-305, to obtain from the Company, upon reasonable demand and for a purpose reasonably related to her interest as a member, full information regarding the status of the business and financial condition of the Company; promptly after becoming available, a copy of the Company's federal, state, and local income tax returns for each year; a current list of the name and last known business, residence, or mailing address of each member and manager; a copy of any written limited liability company agreement and any amendments thereto; true and full information regarding the amount of cash and a description and statement of the agreed value of any other property or services contributed by each member; and other information regarding the affairs of the Company as is just and reasonable.

89. Plaintiff also has a parallel contractual right to inspect the books and records of the Company under the Company's Amended and Restated Operating Agreement dated April 1, 2022, and the related offering documents.

90. As alleged more fully in Section IV.D, above, on May 1, 2026 Plaintiff, through counsel, served on Defendants LAWRENCE Chichung Wang and the Grandway entities a written

demand (by both U.S. mail and electronic mail) to inspect and obtain copies of the Company's books and records, including, without limitation: (a) the Company's complete financial statements (balance sheets, income statements, and cash flow statements) for fiscal years 2024 and 2025; (b) the Company's financial statements for the first quarter of fiscal year 2026; (c) all Schedule K-1 tax forms issued to Plaintiff, including the 2025 Schedule K-1, which had not yet been delivered to Plaintiff at the time of demand and has not been delivered since; (d) all books and records relating to Plaintiff's investment, including capital-account statements, records of fund performance, distribution history (if any), subscription documents, and all investor communications; and (e) any and all additional documents to which Plaintiff is entitled under applicable law, operating agreements, and/or fiduciary duties.

91. The May 1, 2026 demand was served by U.S. mail and by electronic mail upon Defendant LAWRENCE Chichung Wang and the Grandway entities, and afforded Defendants ten (10) business days to comply. Plaintiff's demand was made in good faith, was reasonable in scope, and was made for proper purposes including, without limitation: (a) to determine the value of Plaintiff's investment; (b) to determine whether Defendants have breached their contractual and fiduciary duties to Plaintiff; (c) to investigate possible mismanagement, self-dealing, or other wrongdoing by the management of the Company; and (d) to obtain the tax information necessary for Plaintiff to comply with her federal and state tax filing obligations.

92. Defendants have wholly failed and refused to honor Plaintiff's demand. Defendants have produced no documents, have not delivered the 2025 Schedule K-1, have made no

substantive response of any kind to the demand letter or to the accompanying electronic mail, and have not raised any good-faith objection to the demand's scope or purpose. Defendants' conduct constitutes a willful and unjustified refusal to honor Plaintiff's statutory and contractual inspection rights.

93. Plaintiff has no adequate remedy at law for Defendants' refusal to permit inspection. Plaintiff therefore requests that this Court enter an order: (a) compelling Defendants forthwith to permit Plaintiff and her authorized representatives, including her counsel and accountants, to inspect and copy the books and records described above; (b) directing Defendants to deliver to Plaintiff her 2025 Schedule K-1 and any other Schedule K-1s issued to her, immediately and at Defendants' sole cost; (c) awarding Plaintiff her reasonable costs of the proceeding, including reasonable attorneys' fees, as authorized by 6 Del. C. § 18-305(f) and other applicable law; and (d) granting such other and further relief as the Court deems just and proper.

## ELEVENTH CAUSE OF ACTION
**Accounting**
**(Against All Defendants)**

94. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

95. Plaintiff is a member and investor of Defendant Grandway REIT Investors, LLC, and has a contractual and statutory right under Delaware law (including 6 Del. C. § 18-305) and the Operating Agreement to inspect the books and records of the Company and to receive periodic financial information, including Schedule K-1s.

96. Despite repeated demands, including the formal demand of May 1, 2026 served by U.S. mail and by electronic mail, Defendants have refused to provide an accounting or to produce books and records. The relationship between Plaintiff and Defendants is sufficiently complex, and the records sufficiently within Defendants' exclusive control, that an equitable accounting is warranted.

97. Plaintiff therefore prays for an order requiring Defendants to render a full and complete accounting of (a) all funds received from Plaintiff; (b) all distributions and redemptions paid to any investor of the U.S. REIT-A class since inception; (c) all transactions involving the Company's assets; (d) all fees paid to or received by any Defendant or affiliated person; and (e) all financial statements and tax filings of the Company since 2022.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CAIYUN QIAN prays for judgment against Defendants, and each of them, as follows:

1. For rescission of the subscription transaction and restitution of the full $250,000 purchase price, upon tender of the Units;

2. For compensatory damages in an amount to be proven at trial, but in no event less than $250,000, plus all distributions that should have been paid;

3. For prejudgment and post-judgment interest at the maximum lawful rate;

4. For punitive and exemplary damages pursuant to California Civil Code § 3294 in an amount sufficient to punish Defendants and deter similar future conduct;

5. For an order compelling Defendants to permit Plaintiff and her authorized representatives to inspect and copy the books and records of Defendant Grandway REIT Investors, LLC as set forth in the Tenth Cause of Action, and to deliver Plaintiff's 2025 Schedule K-1 forthwith, with Defendants paying Plaintiff's reasonable attorneys' fees and costs as authorized by 6 Del. C. § 18-305(f);

6. For a full and complete accounting as set forth in the Eleventh Cause of Action;

7. For the imposition of a constructive trust over the proceeds of Plaintiff's subscription and over the assets traceable thereto;

8. For reasonable attorneys' fees and costs of suit as authorized by contract, statute, or law, including, without limitation, under Section 12(a)(2) of the Securities Act and California Corporations Code § 25501;

9. For preliminary and permanent injunctive relief restraining Defendants from disposing of, encumbering, or otherwise transferring any assets traceable to Plaintiff's investment pending final adjudication of this action; and

10. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 22, 2026

Respectfully submitted,

**JW SUN LAW FIRM, P.C.**

By: ______________________________

Justin Jingwei Sun, Esq. (SBN 360752)
150 S Los Robles Ave, Suite 710
Pasadena, California 91101
Telephone: (626) 254-3308
Email: Contact@jwsunlawfirm.com

**Attorney for Plaintiff CAIYUN QIAN**

# VERIFICATION

I, CAIYUN QIAN, declare as follows:

I am the Plaintiff in the above-entitled action. I have read the foregoing VERIFIED COMPLAINT and know its contents. The matters stated in the Complaint are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 22, 2026, at Arcadia, California.

**CAIYUN QIAN**